James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com



RECEIVED
FEB 27 2013
U.S.D.C. S.D. N.Y.
CASH...

13 CV 1322

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANISA SHIPPING LIMITED<br><br>Petitioner,<br><br>- against -<br><br>SOCIEDAD IMPORTADORA EXPORTADORA DE ACEROS Y METALES LIMITADA DE CHILE,<br><br>Respondent. | 13 Civ____ (____)<br><br>**PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. §§1-307** |

Petitioner, ANISA SHIPPING LIMITED (hereinafter "Anisa", "Petitioner" or "Buyers"), by its attorneys Holland & Knight LLP, as and for its Petition against Respondent, SOCIEDAD IMPORTADORA EXPORTADORA DE ACEROS Y METALES LIMITADA DE CHILE (hereinafter "Respondent" or "Sellers"), alleges upon information and belief as follows:

## JURISDICTION

1.      This Petition to compel arbitration is made pursuant to 9 U.S.C. § *et seq.,* in accordance with the parties' written agreement to arbitrate at New York.

## THE PARTIES

2.      Petitioner Anisa, at all times hereinafter mentioned, was and still is a foreign business entity with an address at P.O Box 480, Main Street, Charlestown Nevis.

3.      Respondent, at all times hereinafter mentioned, was and still is a legal entity duly organized and existing under the laws of Chile with an office and place of business at Jaime Repullo 178, Talcahuano, Chile.

## THE NATURE OF THE PARTIES' DISPUTE

4.      On or about February 23, 2012, Respondent, as Seller of EX-AO "EL ARAUCANO" (the "Vessel"), and Petitioner, as Buyer, entered into a Memorandum of Agreement ("MOA") for the sale of the Vessel for a price of $1,018.425.00.  Exhibit 1.  The MOA provided for a deposit of 10% of the total price ($101,843.00) on February 24, 2012, and payment of the balance (90%, or $916,582.00) upon delivery of the required documents and the moment the Vessel is ready for delivery.

5.      The MOA also provided for the arbitration of all disputes in New York.

Part Clause 18 of the MOA expressly states as follows:

> ARBITRATION. If any dispute arises concerning the interpretation or performance of this contract it shall be settled by arbitration in New York City, United States of America and subjected to a single arbitrator to be appointed by the parties hereto.  If the parties cannot agree on the appointment of a sole arbitrator, the dispute shall be settled by three arbitrators, each party shall appoint one arbitrator and the third being appointed by the courts of that jurisdiction.  If any of the arbitrators appointed refuses or is unable to act, the party who appointed him shall appoint a new arbitrator in his place.

See Exhibit 1, Clause 18.

6.      On March 23, 2013 the vessel was inspected pursuant to clause 4 of the MOA, which states that "[t]he ship since the signing of this agreement may be inspected by buyers.  The sale is, therefore, subject to the terms and conditions set forth herein and inspection of the vessel which is sold in the state it is currently and is known by buyers…" At the time of inspection the generators of the vessel were in working condition.  Exhibit 1, Clause 4.

2

7.      Further, clause 10 of the MOA provides that "The vessel will be delivered and taken by the buyers in the state, condition as inspected with fair wear and tear excepted and place it currently is, which is known and fully accepted by the buyers." Exhibit 1, Clause 10.

8.      On February 28, 2013, in accordance with the MOA, Buyers remitted a deposit of USD $101,843.00.  The balance of the purchase price was remitted on May 11, 2012 in the amount of USD $916,582.00.

9.      The vessel was handed over to the buyers on May 14, 2012 and it was observed that none of the generators were working.  Buyers incurred costs for the repair of the generators, and were unable to depart from the place of delivery for a period of 4 months and 28 days.

10.     Clause 5 of the MOA states that "[t]he vessel will be delivered to buyers, and taken by them in the current location in which it is, that is, in the Bay of Talcahuano.  Delivery is made within fifteen calendar days after the delivery of the documents specified in clause 12… Buyers are entitled to keep the boat in its current location in the bay of Talcahuano for a period of 40 days.  If buyers must keep the vessel in its current location beyond 40 days the buyer pays a daily rate of US $2200 from the date of expiry of 40 days." Exhibit 1, Clause 5.

11.     Due to the material breach of clauses 4 and 10 of the MOA, namely, that the vessel was not delivered in the condition it was inspected, the vessel was not in fact "delivered" for the purposes of clause 5, and buyers were unable to move the vessel from its location within 40 days.

12.     On or about October 12, 2012, the vessel was arrested by Chilean authorities, thus incurring substantial costs in connection with the arrest.  Buyer asserts that because sellers breached the Agreement, this attachment was wrongful.  Buyers have remitted full payment under the Agreement and thus have not breached clause 16, "Buyer's Default."  Further, any

3

delay in moving the vessel pursuant to clause 5 was caused by Seller's breach of the agreement for failure to deliver the vessel in proper condition.

13.     As a result of the breach of the MOA including but not limited the Seller's failure to deliver the vessel in the condition it was as well inspected, costs incurred in connection with the repair of the Vessel, cost associated with the wrongful attachment of the Vessel, Respondent is liable to Petitioner in the sum of at least $553,629.00.

14.     On December 27, 2012, Anisa, pursuant to Clause 18 of the MOA, formally demanded arbitration at New York, concomitantly appointing as its arbitrator Juan Anduiza and requesting that Respondent either agree to the sole arbitrator, or in the alternative, nominate a second arbitrator.  Exhibit 2.  Notice was provided in accordance with the MOA by email to rahumada@inversioneslampa.ci and by FedEx to Mr. Victor Antonia Jara Barril.  *Id.*

15.     As Respondent ignored the December 27, 2012 arbitration demand, Anisa, on February 1, 2013, notified Respondent in writing of its appointment of a second arbitrator, as per the requirements of Clause 18 of the MOA.  Exhibit 3.  Notice was provided in accordance with the MOA by email to rahumada@inversioneslampa.ci and by FedEx to Mr. Victor Antonia Jara Barril. *Id.*

16.     On February 6, 2013, the arbitrators appointed a third arbitrator as Panel Chairman, Mr. Jack Berg, and provided notice in writing to Respondent.  Exhibit 4.

17.     On February 7, 2013 the Panel Chairman wrote to Respondent to inquire whether Respondent intended to participate in the arbitration proceeding.

18.     On February 13, 2013 Petitioner sent written notice by Federal Express of its intentions to proceed with a Petition to Compel arbitration in District Court pursuant to 9 U.S.C §4 and that in five (5) business days after confirmation of receipt of notice, Petitioner would so

4

file.  Exhibit 5.  Petitioner received confirmation that notice was received on February 18, 2013.
*Id.*

19.     To date, the Respondent has not appointed an arbitrator nor responded in any
way to Petitioner's demand for arbitration.  Despite Repondent's failure to exercise its right to
appoint an arbitrator under the MOA, a Panel of three arbitrators has been properly convened
nonetheless and are ready to proceed.

## RELIEF REQUESTED

20.     Anisa and Respondent were parties to a contract that provides for all disputes
arising from its performance to be settled by arbitration in New York. See Exhibit 1, Clause 18.

21.     Anisa and Respondent are contractually bound to arbitrate the claim which is the
subject of this Petition.

22.     Anisa has demanded New York arbitration and the written arbitration demand
was duly made upon and delivered to the Respondent. See Exhibit 2.

23.     Anisa has duly performed all of its obligations in accordance with the terms and
conditions of the governing MOA.

24.     Respondent, in violation of its contractual obligations to arbitrate under the
Charter Party and the Federal Arbitration Act, has wrongfully ignored Anisa's arbitration
demand.

25.     Respondent is required to either agree to a sole arbitrator, or in the alternative,
appoint its own arbitrator, pursuant to the terms and conditions of the MOA's Arbitration Clause
and the Federal Arbitration Act, but has failed to nominate any arbitrator to date. Accordingly,
Anisa respectfully requests that the Court direct the Respondent to proceed immediately to
arbitration as required by the Charter Party.

26.     Respondent's failure to comply with the unequivocal agreement of the parties to arbitrate has necessitated the making of this application. Accordingly, Anisa requests that it be awarded the costs and attorneys' fees incurred in making this Petition.

27.     No previous application has been made to this Court or any other Court or Judge, for the relief sought herein.

WHEREFORE, Petitioner prays in accordance with the provisions of the Federal Arbitration Act, that this Honorable Court enter an Order:

(1)     directing that Respondent proceed with arbitration in accordance with the Memorandum of Agreement, dated February 23, 2012;

(2)     directing that the arbitration proceed in the manner provided in the Memorandum of Agreement before the Panel of arbitrators as it is currently comprised;

(3) awarding Anisa the costs and attorneys' fees for this Petition and such other and further or different relief as the court may deem just and proper in the circumstances.

Dated: New York, New York
       February 27, 2013

Respectfully submitted,

By: _____
        James H. Power
        Marie E. Larsen
        HOLLAND & KNIGHT LLP
        *Counsel for Anisa Shipping Limited*
        31 West 52nd Street
        New York, NY 10019
        Telephone: (212) 513-3200
        Facsimile: (212) 385-9010
        Email: james.power@hklaw.com
                 marie.larsen@hklaw.com

6

**<u>EXHIBIT 1</u>**

CONTRACT

In Talcahuano Chile, February 23, 2012 appears SOCIEDAD IMPORTADORA Y EXPORTADORA DE ACEROS Y METALES LIMITADA, represented by Mr. VICTOR ANTONIO JARA BARRIL, henceforth known as "the sellers", both resident in Avenue Jaime Repullo 176 Talcahuano city. And Messrs. Ansa Shipping Limited, P.O. Box 480 Main Street Charlestown Nevis, represented by Mr. DIMITRIOS KALOGERAKIS henceforth known as "the buyers", who have agreed today the purchase of EX – AG "EL ARAUCANO" preamble:

1. Whereas sellers are a Chilean business entity that owns the vessel EX – AG "EL ARAUCANO", acquired to "a Sociedad de Inversiones Liempa Ltda, prior to this award through a competitive tender held by the Navy of Chile.

2. While buyers are an entity based in Charlestown Nevis and are interested in buying the boat sellers.

3. - In this way, it is agreed a contract of sale with respect to the said ship on the following conditions:

................................................................. one million eighteen thousand eight hundred twenty five United States dollars), ..............................................

2. DEPOSIT

As a security measure for the proper fulfillment of this contract, the buyers must pay, by bank deposit, the 10% (Ten percent) of the total price, which will be, USD, 101 843 (one hundred and one thousand eight hundred forty-three United state dollars) This must be made within one New York / London banking day after the signing of this Agreement. The buyer is responsible for payment to the seller.

Our name: SOCIEDAD IMPORTADORA Y EXPORTADORA DE ACEROS Y METALES LTDA.

Bank Name: BBVA CHILE, OFICINA PANAMERICANA NORTE

Account n° 0029-0100243812

Swift Code: BHIFCLRM

Intermediary Bank: STANDARD CHARTERED BANK

Intermediary Swift code: SCBLUS33

11. 2nd PAYMENT

Buyer's must pay the balance (ie. 90% ninety percent) remaining of the total purchase price corresponding to USD 916,582 (nine hundred and sixteen thousand five hundred eighty-two united state dollars ) within three banking days following the London or New York on delivery of the documents listed in clause 12 by inspector or receiver of documents, being understood from that moment the ship ready for delivery in the terms and conditions of this agreement. This payment shall be made by a bank transfer to the following account:

Buyer's bank data:

Client Name: SOCIEDAD IMPORTADORA Y EXPORTADORA DE ACEROS Y METALES LTDA

Bank Name: BBVA CHILE, OFICINA PANAMERICANA NORTE

Account n° 0029-0100243812

Swift Code: BHIFCLRM

Intermediary Bank: STANDARD CHARTERED BANK

Intermediary Swift code: SCBLUS33

12. THE PROTEINS

The ship since the signing of this agreement may be inspected by buyers. The sale is therefore subject to the terms and conditions set forth herein and inspection of the vessel, which is sold in the state it is currently and is known by buyers. Buyers will be responsible for inspection without delay to the ship. Buyers should inspect the vessel unopened and no cost to vendors.

5. PLACE AND TIME OF DELIVERY AND REMOVAL

The vessel will be delivered to buyers, and taken by them in the current location in which it is, that is, in the Bay of Talcahuano. Delivery is made within fifteen calendar days after delivery of the documents specified in clause 12. This parties agree if this is not set a specific day of delivery.

Buyers are entitled to keep the boat in its current location in the bay of Talcahuano for a period of 40 days. If buyers must keep the vessel in its current location beyond 40 days, the buyer pays a daily rate of U.S. $ 2200 (2200 dollars) from the date of expiry of 40 days.

6. VESSEL PREPARATION

The vessel is considered ready for delivery at the agreed location after the full price agreed has been paid.

7. DELAYS / CANCELING

In the case that the sellers could not deliver the vessel at the agreed date, the responsibility of paying for the use of time of the tug, at a standard rate of sea demurrage, will fall on them. The sellers are not responsible for informing the buyers about their inability to deliver the vessel in accordance with the terms of this Agreement if this is done in advance and on time.

If the seller declares in writing its inability to deliver the vessel in accordance with the terms of this Agreement, then, within 48 hours of said statement, the buyers must declare immediately whether to keep or cancel this agreement. The sellers should propose a new delivery date to the buyers in said statement.

If the buyers choose to terminate this Agreement, the deposit will be refunded immediately to the buyers, at the latest within 48 hours. If the buyers do not declare their position, by writing, within 48 hours of the sellers notification, it automatically means that the buyers have no objection to the date of delivery of the vessel being extended, in which case all

other terms and conditions of this Agreement remain in full force and effect until the new delivery date, given by the sellers.

## 8. CHARGES

The sellers state that the vessel at the time of physical and legal delivery is free of all charges and maritime liens, encumbrances, seizures, debts or any other liabilities of any kind. In case that any claim is made before the time of delivery against the vessel, the sellers agree to indemnify buyers against all the consequences of those claims.

In the event that the vessel was stopped after the departure, due to claims against the sellers, they shall take all actions to prevent the vessel from being taken under custody. If the sellers do not act quickly, the buyers are free to take any actions to free the vessel of this detention. In this case, all expenses, losses, damages and payments made by the buyers to release the vessel shall become by the Sellers.

## 9. FEES

All taxes, fees and expenses related to the purchase shall be borne by buyers.

## 10. DELIVERY STATUS

The vessel will be delivered and taken by the buyers in the state, condition as inspected with fair wear and tear excepted and place it currently is, which is known and fully accepted by the buyers.

From the time of delivery, the vessel with all that belongs on board or ashore will be the absolute duty of the Buyers, including all expenses that may arise, but subject to the terms of this contract.

## 11. PARTS, ETC.

The sellers shall deliver the vessel to the buyer with everything that belongs on board the vessel at the time of delivery and as inspected. All spare parts that were in the interior and all the backup equipment belonging to the vessel, used or not used, which are on board or ashore and as inspected, will become the property of the Buyers.

The Buyer shall take over without extra payment any remaining bunkers, unused lubricating oils and unused stores and provisions at the port of delivery of the vessel.

DOCUMENTS

The seller shall provide to the buyer's the following documents at the time of closing and delivery:

1 - Commercial invoice

2 - B/L/S for the first shipment.

3 - LETTER OF vendors, the crew, officers and teachers have been paid and that no complaints have been filed against the vessel.

4 - LETTER OF vendors who agree that the VESSEL IS FREE OF ALL maritime liens, debts, obligations, or claims whatsoever.

5 - CERTIFICATE OF DISPOSAL OF GOVERNMENT SHIP IN CONNECTION WITH the cancellation of the NAVY OF THE SOCIEDAD DE INVERSIONES LAMPA.

6 - any document concerning necessary to the boat sold by vendors.

7 - AND PROPERTY TAX CERTIFICATE INDICATING THAT THE BOAT IS FREE from all taxes, charges and levies.

8 - CERTIFICATE THAT ALL TAX / ETC EXPORT taxes are paid by the original purchaser, PROOF OF THE SAME TO BE PROVIDED;

9 - Power of Attorney of the representative of the seller.

10 - Copy of birth, marriage companies

13 CHARACTERISTICS VESSEL

Name of the boat: Penuchet

Ship Type: Tanker

Building Country: DENMARK

Year built: 1968

Current Displacement: 6,538 tons

Length overall: 104.71 meters

Max Beam  22  96 meters

## 14. TOTAL / CONSTRUCTIVE TOTAL LOSS

If the ship suffers a partial or total loss before delivery, this contract shall be null and void and the deposit will be refunded to the buyers within 3 business days. In the event that the vessel suffers partial damage part for any reason before delivery, the buyers will have the right to rescind this Agreement or request the appropriate reduction of the purchase price.

## 15. [illegible]

If the sellers cannot transfer the title of the vessel to the buyers or they are unable to accept the transfer of the ship under this contract due to an outbreak of war or government restrictions and other authorities or the laws of God, princes or people of any nation or UN military operations, epidemics or any other event as the previous one on which neither buyers nor sellers have no control which may be temporary or permanent in nature and can occur in the place of delivery, or if the vessel should become an actual or constructive total loss, then either the sellers or the buyers can terminate the contract upon written issue of 15 notice of one party to the another without any further liability to either party.

In this case a breach the contract in accordance with the provisions of this clause or the return of the buyers any none of the contract and all money paid by buyers shall be promptly paid back to the buyers at the deadline agreed in this agreement and any [illegible] breach for or any reasons is a breach of the terms of the contract.

## 16. BUYERS DEFAULT

If the buyers do not pay within the time limits set out in section 2 of this agreement 90% (ninety percent) of the purchase price and having complied with the sellers all obligations under the agreement, the sellers have the right to cancel or terminate this contract, in which case 10 (ten percent) for the deposit paid by buyers indicated in paragraph of clause 2 of this agreement, remain in power for these purposes compensation, if this amount does not cover losses of the sellers, these have the right to request additional compensation for the losses incurred and prove it, all expenses together with interest at a [illegible]

## [illegible] SELLERS DEFAULT

If the sellers cannot make a legal transfer or delivery of the ship with everything that belongs to the manner provided in this Agreement and within the time, though for any

reason are responsible, the buyers have the right to cancel this contract, in which case the amounts already paid to the sellers in full, must be immediately returned to the buyer's within 5 business days, plus interest at a rate of 12%. The Sellers shall make due compensation for the proven losses in full caused to the Buyers by failure to execute a legal transfer or to deliver the vessel in the manner and within the time specified in clause ...

## 10. ARBITRATION

Any dispute arising from and the interpretation or performance of this contract shall be settled by arbitration in New York City, United States of America and subjected to a single arbitrator to be appointed by the parties hereto. If the parties cannot agree on the appointment of a sole arbitrator, the dispute shall be settled by three arbitrators, each party shall appoint one arbitrator and the third being appointed by the courts of that jurisdiction. If any of the arbitrators appointed refuses or is unable to act, the party who appointed him may appoint a new arbitrator in his place.

The award given by the Arbitral Tribunal shall be final and binding on the parties and may, if necessary, be enforced by the Court or other competent authority in the same way as a judgment in the Court of Justice of Delaware, giving them a ruling the reasons for the same ...

## 11. EXTRA PAYMENT AND BUNKERS

The buyer shall pay an extra payment at the port of delivery of the remaining quantity of normal and unused stores and all spare parts and spare equipment. The vessel will be delivered in the condition as inspected with fair wear and tear excepted, virtually intact with all on board without any transfer involving the description and the displacement of the ship, but excluding personal effects that could be found in it ...

## 12. REPRESENTATIVE OF THE BUYERS

The sellers agree to allow the buyers or their designate representative up to the amount of ... on board as long as the vessel is in Dubai for the purpose of familiarization only. These people should not interfere and disturb the duties of the crew and once on board the vessel shall sign a letter of indemnity.

## 13. COSTS

## 21 COSTS

All expenses in the port of delivery, before delivery, such as fees or expenses due or payable for exterior cleaning, customs clearance fees, port fees, taxes and paycheck of the Sellers agent run on behalf of the Sellers. Any other fees or taxes that are incurred by the vessel after the physical delivery to the buyers will be borne by them.

## 22 PROTOCOL OF DELIVERY AND ACCEPTANCE

The Protocol to the physical delivery and acceptance will be signed by 1) a representative of the sellers, and 2) a representative of the buyers immediately after payment of the total purchase price to the sellers.

## 23 CONFIDENTIALITY

The name and behalf of buyers or negotiations conducted under this agreement will be kept strictly private and confidential.

## 24 COMMUNICATIONS

All communication and all notices and communications relating to this contract shall be addressed as follows:

For the sellers  rahumada@inversioneslampa.cl

  For the buyers  c / o GMS gms@gmsinc.ae

This Memorandum of Understanding was drawn up in two original copies of the same form and content, one for the sellers and other for the buyers.

GR. PQSSP  AE1424601

P 20 774-8

**VENEGAS RAMIS**
**ABOGADOS**
Aníbal Pinto 215 Of. 502
Fono: 2460775

**EXHIBIT 2**

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

December 21, 2012

*Via E-Mail*

Sociedad Importadora Exportadora de Aceros y
Metales Limitada of Chile
Jaime Repullo 178
Talcahuano
Chile

Attention:  Mr. Victor Antonia Jara Barril
Attention:  rahumada@inversioneslampa.ci

## Arbitration Notice

Dear Sirs:

We represent Anisa Shipping Limited ("Anisa" or "Buyers") for claims arising out of the contract for sale of the vessel EX - AO "EL ARAUCANO," otherwise known as the M/V ARAU, described below. We write this letter to commence arbitration against Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile ("Sociedad" or "Sellers"). Anisa proposes Juan Anduiza as sole arbitrator.  Sociedad shall either agree to accept Juan Anduiza as sole arbitrator or appoint a second arbitrator within 20 days of this Arbitration Notice.

On February 23, 2012, a Memorandum of Agreement (MOA) was entered into between the parties for the delivery and acceptance of the ARAUCANO.  On March 23, 2013 the vessel was inspected Pursuant to clause 4 of the MOA, which states that "[t]he ship since the signing of this agreement may be inspected by buyers.  The sale is, therefore, subject to the terms and conditions set forth herein and inspection of the vessel which is sold in the state it is currently

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 2

and is known by buyers…" At the time of inspection the generators of the vessel were in working condition.

Further, clause 10 of the MOA provides that "The vessel will be delivered and taken by the buyers in the state, condition as inspected with fair wear and tear excepted and place it currently is, which is known and fully accepted by the buyers."

On February 28, 2013, in accordance with the MOA, Buyers remitted a deposit of USD $101,843.00. The balance of the purchase price was remitted on May 11, 2012 in the amount of USD $916,582.00.

The vessel was handed over to the buyers on May 14, 2012 and it was observed that none of the generators were working. Buyers incurred costs for the repair of the generators, and were unable to depart from the place of delivery for a period of 4 months and 28 days.

Clause 5 of the MOA states that "[t]he vessel will be delivered to buyers, and taken by them in the current location in which it is, that is, in the Bay of Talcahuano. Delivery is made within fifteen calendar days after the delivery of the documents specified in clause 12… Buyers are entitled to keep the boat in its current location in the bay of Talcahuano for a period of 40 days. If buyers must keep the vessel in its current location beyond 40 days the buyer pays a daily rate of US $2200 from the date of expiry of 40 days."

Due to the material breach of clauses 4 and 10 of the MOA, namely, that the vessel was not delivered in the condition it was inspected, the vessel was not in fact "delivered" for the purposes of clause 5, and buyers were unable to move the vessel from its location within 40 days.

On or about October 12, 2012, the vessel was arrested by Chilean authorities, thus incurring substantial costs in connection with the arrest. Buyer asserts that because sellers breached the Agreement, this attachment was wrongful. Buyers have remitted full payment under the Agreement and thus have not breached clause 16, "Buyer's Default." Further, any

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 3

delay in moving the vessel pursuant to clause 5 was caused by Seller's breach of the agreement for failure to deliver the vessel in proper condition.

Under clause 18 of the MOA, "[i]f any dispute arises concerning the interpretation or performance of this contract it shall be settled by arbitration in New York City, United States of America and subjected to a single arbitrator to be appointed by the parties hereto. If the parties cannot agree on the appointment of a sole arbitrator, the dispute shall be settled by three arbitrators, each party shall appoint one arbitrator and the third being appointed by the courts of that jurisdiction." Anisa hereby commences arbitration against Sociedad.

Anisa seeks a final award, stating that:

> (1) seller's failure to deliver the vessel in the condition it was inspected, including but not limited to properly working generators, constituted a breach of the Agreement;
>
> (2) due to seller's breach of the Agreement, buyer incurred substantial costs in connection with the repair of the vessel which shall be paid by buyer;
>
> (3) seller has breached the Agreement and thus the attachment of the vessel was wrongful;
>
> (4) as such, sellers shall be responsible for all damages in connection with the wrongful attachment, including but not limited to legal fees, bunker costs, and any delay damages which currently are estimated to be $553,629.00 excluding interest, costs, and legal fees; and
>
> (5) any further relief which the Panel finds is due to buyer for seller's breach of the Agreement and for the wrongful attachment of the M/V ARAU.

In addition, Anisa seeks to recover from Sociedad the expenses of prosecuting these claims, including but not limited to its legal fees. Anisa reserves the right to supplement or amend its claims.

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 4

Pursuant to Clause 18 of the MOA, Anisa proposes the appointment of Juan Anduiza as an arbitrator.  Mr. Anduiza's contact information is as follows:

> 122 Sussex Dr.
> Manhassett, NY 11030
> Tel: (516) 627-5621
> Cell: (917) 287-4541
> E-mail: juananduiza@optimum.net

If Sociedad fails to agree to the appointment of Mr. Anduiza as an arbitrator pursuant to Clause 18, or in the alternative, appoint a second arbitrator within 20 days, Anisa will immediately appoint a second arbitrator.

We look forward to hearing from you as to Sociedad's agreement to Anisa's proposed arbitrator within this 20 day period.

Very truly yours,

HOLLAND & KNIGHT LLP

By _____

James H. Power
*Attorneys for Anisa Shipping Limited*

cc: Juan Anduiza



January 14,2013

Dear Customer:

The following is the proof-of-delivery for tracking number **794399163530**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | G.TESO | **Delivery location:** | TALCAHUANO |
| **Service type:** | FedEx International Economy | **Delivery date:** | Jan 4, 2013 11:39 |
| **Special Handling** | Deliver Weekday | | |

NO SIGNATURE IS AVAILABLE
FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment.
Please check again later for a signature.

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 794399163530 | **Ship date:** | Dec 27, 2012 |
| | | **Weight:** | 1.0 lbs/0.5 kg |
| **Recipient:** | | **Shipper:** | |
| TALCAHUANO CL | | NEW YORK, NY US | |
| **Reference** | | 134176.00001 | |

Thank you for choosing FedEx.

**<u>EXHIBIT 3</u>**

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

February 1, 2013

*Via E-Mail*

Sociedad Importadora Exportadora de Aceros y
Metales Limitada of Chile
Jaime Repullo 178
Talcahuano
Chile

Attention: Mr. Victor Antonia Jara Barril
Attention: rahumada@inversioneslampa.ci

### Notice of Appointment of Second Arbitrator

Dear Sirs:

We represent Anisa Shipping Limited ("Anisa" or "Buyers") for claims arising out of the contract for sale of the vessel EX - AO "EL ARAUCANO," otherwise known as the M/V ARAU. On or about December 27, 2012 you were properly notified by email as per the MOA, as well as a follow up letter via international courier of Buyer's commencement of arbitration and proposal of Juan Anduiza as sole arbitrator under the terms of the contract. Twenty days have now passed since notice of appointment of Mr. Anduiza as arbitrator. You have neither responded by agreeing to the acceptance of Mr. Anduiza as sole arbitrator, nor appointed a second arbitrator. As such and as explicitly stated in our Arbitration Notice letter, due to your failure to do either, by way of this letter Anisa hereby appoints a second arbitrator.

Anisa proposes the appointment of Charles R. Cushing as an additional arbitrator. Mr. Cushing's contact information is as follows:

Atlanta | Boston | Chicago | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami | New York | Northern Virginia | Orlando
Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 2

> C.R. Cushing & Co., Inc.
> 30 Vesey Street
> New York, NY 10007
> Tel: (212) 964-1180
> Fax: (212) 285-1334
> E-mail: ccushing@crcco.com

Upon the nomination of Mr. Cushing as a second arbitrator, the two arbitrators will then select at their discretion a third arbitrator pursuant to Clause 18 of the MOA. Once the panel of arbitrators is selected, Buyers intend to proceed with the arbitration.

For your convenience we attach the original arbitration notice letter hereto.

Very truly yours,

HOLLAND & KNIGHT LLP

By _James H. Power_

James H. Power

*Attorneys for Anisa Shipping Limited*

cc:  Juan Anduiza (via email: juananduiza@optimum.net)
     Charles R. Cushing (via email: ccushing@crcco.com)

**EXHIBIT 4**

**JUAN A. ANDUIZA**
**122 Sussex Avenue**
**Manhassett, New York 11030**
**516.627.5621**
**Juananduiza@optimum.net**

February 6, 2013

Jack Berg, Esq.
c/o Transammonia, Inc.
320 Park Avenue
New York, NY 10022
Email: jackberg@msn.com

Re:     Anisa Shipping Limited ("Buyer")and Sociedad Importadora de Aceros y Metales Limitada de
        Chile ("Seller")

Dear Jack,

On December 21 2012, the undersigned, Juan Anduiza, was appointed as sole arbitrator by Holland &
Knight, the attorneys for Buyer in the dispute over a vessel Sale and Purchase Agreement.  Apparently,
there has been no response by the Seller to the Notice and Demand for Arbitration.  On February 1
2013, Holland & Knight, for reasons outlined in the enclosed Notice of Appointment, nominated C.R.
Cushing as an additional arbitrator.

Counsel for Anisa now has asked us to select a third arbitrator. After due consideration, both the
undersigned and Dr. Charles Cushing have agreed to appoint you as the third arbitrator. We understand
that you have no conflicts and accept the appointment as the third arbitrator in this proceeding.

Now that the Panel has been constituted, we are of course available for discussions regarding the
schedule for the arbitration.

Best Regards,

Juan A. Anduiza

enclosure
cc:     Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile, Attn:  Mr. Victor
        Antonia Jara Barril
        rahumada@inversioneslampa.ci
        Holland & Knight, c/o James Power, attorney for Anisa Shipping Limited -
        James.power@hklaw.com
        Charles Cushing – ccushing@crcco.com

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

December 21, 2012

*Via E-Mail*

Sociedad Importadora Exportadora de Aceros y
Metales Limitada of Chile
Jaime Repullo 178
Talcahuano
Chile

Attention:  Mr. Victor Antonia Jara Barril
Attention:  rahumada@inversioneslampa.ci

## Arbitration Notice

Dear Sirs:

We represent Anisa Shipping Limited ("Anisa" or "Buyers") for claims arising out of the contract for sale of the vessel EX - AO "EL ARAUCANO," otherwise known as the M/V ARAU, described below. We write this letter to commence arbitration against Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile ("Sociedad" or "Sellers"). Anisa proposes Juan Anduiza as sole arbitrator.  Sociedad shall either agree to accept Juan Anduiza as sole arbitrator or appoint a second arbitrator within 20 days of this Arbitration Notice.

On February 23, 2012, a Memorandum of Agreement (MOA) was entered into between the parties for the delivery and acceptance of the ARAUCANO.  On March 23, 2013 the vessel was inspected Pursuant to clause 4 of the MOA, which states that "[t]he ship since the signing of this agreement may be inspected by buyers.  The sale is, therefore, subject to the terms and conditions set forth herein and inspection of the vessel which is sold in the state it is currently

Atlanta | Boston | Chicago | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami | New York | Northern Virginia | Orlando
Portland | San Francisco | Tallahassee | Tampa | Washington. D C | West Palm Beach

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 2

and is known by buyers…" At the time of inspection the generators of the vessel were in working condition.

Further, clause 10 of the MOA provides that "The vessel will be delivered and taken by the buyers in the state, condition as inspected with fair wear and tear excepted and place it currently is, which is known and fully accepted by the buyers."

On February 28, 2013, in accordance with the MOA, Buyers remitted a deposit of USD $101,843.00. The balance of the purchase price was remitted on May 11, 2012 in the amount of USD $916,582.00.

The vessel was handed over to the buyers on May 14, 2012 and it was observed that none of the generators were working. Buyers incurred costs for the repair of the generators, and were unable to depart from the place of delivery for a period of 4 months and 28 days.

Clause 5 of the MOA states that "[t]he vessel will be delivered to buyers, and taken by them in the current location in which it is, that is, in the Bay of Talcahuano. Delivery is made within fifteen calendar days after the delivery of the documents specified in clause 12… Buyers are entitled to keep the boat in its current location in the bay of Talcahuano for a period of 40 days. If buyers must keep the vessel in its current location beyond 40 days the buyer pays a daily rate of US $2200 from the date of expiry of 40 days."

Due to the material breach of clauses 4 and 10 of the MOA, namely, that the vessel was not delivered in the condition it was inspected, the vessel was not in fact "delivered" for the purposes of clause 5, and buyers were unable to move the vessel from its location within 40 days.

On or about October 12, 2012, the vessel was arrested by Chilean authorities, thus incurring substantial costs in connection with the arrest. Buyer asserts that because sellers breached the Agreement, this attachment was wrongful. Buyers have remitted full payment under the Agreement and thus have not breached clause 16, "Buyer's Default." Further, any

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 3

delay in moving the vessel pursuant to clause 5 was caused by Seller's breach of the agreement for failure to deliver the vessel in proper condition.

Under clause 18 of the MOA, "[i]f any dispute arises concerning the interpretation or performance of this contract it shall be settled by arbitration in New York City, United States of America and subjected to a single arbitrator to be appointed by the parties hereto. If the parties cannot agree on the appointment of a sole arbitrator, the dispute shall be settled by three arbitrators, each party shall appoint one arbitrator and the third being appointed by the courts of that jurisdiction." Anisa hereby commences arbitration against Sociedad.

Anisa seeks a final award, stating that:

> (1) seller's failure to deliver the vessel in the condition it was inspected, including but not limited to properly working generators, constituted a breach of the Agreement;
>
> (2) due to seller's breach of the Agreement, buyer incurred substantial costs in connection with the repair of the vessel which shall be paid by buyer;
>
> (3) seller has breached the Agreement and thus the attachment of the vessel was wrongful;
>
> (4) as such, sellers shall be responsible for all damages in connection with the wrongful attachment, including but not limited to legal fees, bunker costs, and any delay damages which currently are estimated to be $553,629.00 excluding interest, costs, and legal fees; and
>
> (5) any further relief which the Panel finds is due to buyer for seller's breach of the Agreement and for the wrongful attachment of the M/V ARAU.

In addition, Anisa seeks to recover from Sociedad the expenses of prosecuting these claims, including but not limited to its legal fees. Anisa reserves the right to supplement or amend its claims.

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 4

Pursuant to Clause 18 of the MOA, Anisa proposes the appointment of Juan Anduiza as an arbitrator.  Mr. Anduiza's contact information is as follows:

> 122 Sussex Dr.
> Manhassett, NY 11030
> Tel: (516) 627-5621
> Cell: (917) 287-4541
> E-mail: juananduiza@optimum.net

If Sociedad fails to agree to the appointment of Mr. Anduiza as an arbitrator pursuant to Clause 18, or in the alternative, appoint a second arbitrator within 20 days, Anisa will immediately appoint a second arbitrator.

We look forward to hearing from you as to Sociedad's agreement to Anisa's proposed arbitrator within this 20 day period.

Very truly yours,

HOLLAND & KNIGHT LLP

By _____

James H. Power

*Attorneys for Anisa Shipping Limited*

cc: Juan Anduiza

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

February 1, 2013

*__Via E-Mail__*

Sociedad Importadora Exportadora de Aceros y
Metales Limitada of Chile
Jaime Repullo 178
Talcahuano
Chile

Attention:  Mr. Victor Antonia Jara Barril
Attention:  rahumada@inversioneslampa.ci

## Notice of Appointment of Second Arbitrator

Dear Sirs:

We represent Anisa Shipping Limited ("Anisa" or "Buyers") for claims arising out of the contract for sale of the vessel EX - AO "EL ARAUCANO," otherwise known as the M/V ARAU.  On or about December 27, 2012 you were properly notified by email as per the MOA, as well as a follow up letter via international courier of Buyer's commencement of arbitration and proposal of Juan Anduiza as sole arbitrator under the terms of the contract.  Twenty days have now passed since notice of appointment of Mr. Anduiza as arbitrator.  You have neither responded by agreeing to the acceptance of Mr. Anduiza as sole arbitrator, nor appointed a second arbitrator.  As such and as explicitly stated in our Arbitration Notice letter, due to your failure to do either, by way of this letter Anisa hereby appoints a second arbitrator.

Anisa proposes the appointment of Charles R. Cushing as an additional arbitrator.  Mr. Cushing's contact information is as follows:

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 2

> C.R. Cushing & Co., Inc.
> 30 Vesey Street
> New York, NY 10007
> Tel: (212) 964-1180
> Fax: (212) 285-1334
> E-mail: ccushing@crcco.com

Upon the nomination of Mr. Cushing as a second arbitrator, the two arbitrators will then select at their discretion a third arbitrator pursuant to Clause 18 of the MOA. Once the panel of arbitrators is selected, Buyers intend to proceed with the arbitration.

For your convenience we attach the original arbitration notice letter hereto.

> Very truly yours,
>
> HOLLAND & KNIGHT LLP
>
> By _James H. Power_
>
> James H. Power
> *Attorneys for Anisa Shipping Limited*

cc:   Juan Anduiza (via email: juananduiza@optimum.net)
      Charles R. Cushing (via email: ccushing@crcco.com)

**<u>EXHIBIT 5</u>**

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

James H. Power
(212) 513-3494
james.power@hklaw.com

February 13, 2013

*Via FedEx*

Mr. Victor Antonia Jara Barril
Sociedad Importadora Exportadora de Aceros y
Metales Limitada of Chile
Jaime Repullo 178
Talcahuano
Chile

Re:   Anisa Shipping v. Sociedad Importadora Exportadora de Aceros y Metales Limitada
of Chile, Arbitration

Dear Mr. Jara Barril:

Enclosed please find a copy of a letter which was emailed to Sellers at
rahumada@inversioneslampa.ci by Juan Anduiza notifying you of the appointment of a third
arbitrator in this matter, Mr. Jack Berg. We have also enclosed a copy of an email which was
sent to you from Mr. Berg inquiring about Seller's intention to participate in this arbitration.

The arbitration of this matter will continue to move forward. Buyers will seek to compel
arbitration in the U.S. District Court pursuant to the Federal Arbitration Act, 9 U.S.C. §4 after
the expiration of five business days after we obtain confirmation from FedEx that this letter was
delivered to the above stated address. After the District Court issues such an order, the
arbitration panel will convene notwithstanding Sellers' default. All costs and fees associated
with Buyer's efforts to compel arbitration will be included in the Panel's award and will be
enforceable against you.

Sincerely yours,

HOLLAND & KNIGHT LLP

James H. Power

Atlanta | Boston | Chicago | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami | New York | Northern Virginia | Orlando
Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

**JUAN A. ANDUIZA**
**122 Sussex Avenue**
**Manhassett, New York 11030**
**516.627.5621**
**Juananduiza@optimum.net**

February 6, 2013

Jack Berg, Esq.
c/o Transammonia, Inc.
320 Park Avenue
New York, NY 10022
Email: jackberg@msn.com

Re:     Anisa Shipping Limited ("Buyer")and Sociedad Importadora de Aceros y Metales Limitada de
         Chile ("Seller")

Dear Jack,

On December 21 2012, the undersigned, Juan Anduiza, was appointed as sole arbitrator by Holland &
Knight, the attorneys for Buyer in the dispute over a vessel Sale and Purchase Agreement.  Apparently,
there has been no response by the Seller to the Notice and Demand for Arbitration.  On February 1
2013, Holland & Knight, for reasons outlined in the enclosed Notice of Appointment, nominated C.R.
Cushing as an additional arbitrator.

Counsel for Anisa now has asked us to select a third arbitrator. After due consideration, both the
undersigned and Dr. Charles Cushing have agreed to appoint you as the third arbitrator. We understand
that you have no conflicts and accept the appointment as the third arbitrator in this proceeding.

Now that the Panel has been constituted, we are of course available for discussions regarding the
schedule for the arbitration.

Best Regards,

Juan A. Anduiza

enclosure
cc:     Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile, Attn:  Mr. Victor
         Antonia Jara Barril
         rahumada@inversioneslampa.ci
         Holland & Knight, c/o James Power, attorney for Anisa Shipping Limited -
         James.power@hklaw.com
         Charles Cushing – ccushing@crcco.com

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

December 21, 2012

*Via E-Mail*

Sociedad Importadora Exportadora de Aceros y
Metales Limitada of Chile
Jaime Repullo 178
Talcahuano
Chile

Attention:  Mr. Victor Antonia Jara Barril
Attention:  rahumada@inversioneslampa.ci

## Arbitration Notice

Dear Sirs:

We represent Anisa Shipping Limited ("Anisa" or "Buyers") for claims arising out of the contract for sale of the vessel EX - AO "EL ARAUCANO," otherwise known as the M/V ARAU, described below. We write this letter to commence arbitration against Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile ("Sociedad" or "Sellers"). Anisa proposes Juan Anduiza as sole arbitrator. Sociedad shall either agree to accept Juan Anduiza as sole arbitrator or appoint a second arbitrator within 20 days of this Arbitration Notice.

On February 23, 2012, a Memorandum of Agreement (MOA) was entered into between the parties for the delivery and acceptance of the ARAUCANO  On March 23, 2013 the vessel was inspected Pursuant to clause 4 of the MOA, which states that "[t]he ship since the signing of this agreement may be inspected by buyers. The sale is, therefore, subject to the terms and conditions set forth herein and inspection of the vessel which is sold in the state it is currently

Atlanta | Boston | Chicago | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami | New York | Northern Virginia  Orlando
Portland | San Francisco | Tallahassee  Tampa | Washington  D C  | West Palm Beach

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 2

and is known by buyers…" At the time of inspection the generators of the vessel were in working condition.

Further, clause 10 of the MOA provides that "The vessel will be delivered and taken by the buyers in the state, condition as inspected with fair wear and tear excepted and place it currently is, which is known and fully accepted by the buyers."

On February 28, 2013, in accordance with the MOA, Buyers remitted a deposit of USD $101,843.00. The balance of the purchase price was remitted on May 11, 2012 in the amount of USD $916,582.00.

The vessel was handed over to the buyers on May 14, 2012 and it was observed that none of the generators were working. Buyers incurred costs for the repair of the generators, and were unable to depart from the place of delivery for a period of 4 months and 28 days.

Clause 5 of the MOA states that "[t]he vessel will be delivered to buyers, and taken by them in the current location in which it is, that is, in the Bay of Talcahuano. Delivery is made within fifteen calendar days after the delivery of the documents specified in clause 12… Buyers are entitled to keep the boat in its current location in the bay of Talcahuano for a period of 40 days. If buyers must keep the vessel in its current location beyond 40 days the buyer pays a daily rate of US $2200 from the date of expiry of 40 days."

Due to the material breach of clauses 4 and 10 of the MOA, namely, that the vessel was not delivered in the condition it was inspected, the vessel was not in fact "delivered" for the purposes of clause 5, and buyers were unable to move the vessel from its location within 40 days.

On or about October 12, 2012, the vessel was arrested by Chilean authorities, thus incurring substantial costs in connection with the arrest. Buyer asserts that because sellers breached the Agreement, this attachment was wrongful. Buyers have remitted full payment under the Agreement and thus have not breached clause 16, "Buyer's Default." Further, any

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 3

delay in moving the vessel pursuant to clause 5 was caused by Seller's breach of the agreement for failure to deliver the vessel in proper condition.

Under clause 18 of the MOA, "[i]f any dispute arises concerning the interpretation or performance of this contract it shall be settled by arbitration in New York City, United States of America and subjected to a single arbitrator to be appointed by the parties hereto. If the parties cannot agree on the appointment of a sole arbitrator, the dispute shall be settled by three arbitrators, each party shall appoint one arbitrator and the third being appointed by the courts of that jurisdiction." Anisa hereby commences arbitration against Sociedad.

Anisa seeks a final award, stating that:

> (1) seller's failure to deliver the vessel in the condition it was inspected, including but not limited to properly working generators, constituted a breach of the Agreement;
>
> (2) due to seller's breach of the Agreement, buyer incurred substantial costs in connection with the repair of the vessel which shall be paid by buyer;
>
> (3) seller has breached the Agreement and thus the attachment of the vessel was wrongful;
>
> (4) as such, sellers shall be responsible for all damages in connection with the wrongful attachment, including but not limited to legal fees, bunker costs, and any delay damages which currently are estimated to be $553,629.00 excluding interest, costs, and legal fees; and
>
> (5) any further relief which the Panel finds is due to buyer for seller's breach of the Agreement and for the wrongful attachment of the M/V ARAU.

In addition, Anisa seeks to recover from Sociedad the expenses of prosecuting these claims, including but not limited to its legal fees. Anisa reserves the right to supplement or amend its claims.

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 4

Pursuant to Clause 18 of the MOA, Anisa proposes the appointment of Juan Anduiza as an arbitrator. Mr. Anduiza's contact information is as follows:

122 Sussex Dr.
Manhassett, NY 11030
Tel: (516) 627-5621
Cell: (917) 287-4541
E-mail: juananduiza@optimum.net

If Sociedad fails to agree to the appointment of Mr. Anduiza as an arbitrator pursuant to Clause 18, or in the alternative, appoint a second arbitrator within 20 days, Anisa will immediately appoint a second arbitrator.

We look forward to hearing from you as to Sociedad's agreement to Anisa's proposed arbitrator within this 20 day period.

Very truly yours,

HOLLAND & KNIGHT LLP

By _____

James H. Power

*Attorneys for Anisa Shipping Limited*

cc: Juan Anduiza

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

February 1, 2013

*Via E-Mail*

Sociedad Importadora Exportadora de Aceros y
Metales Limitada of Chile
Jaime Repullo 178
Talcahuano
Chile

Attention: Mr. Victor Antonia Jara Barril
Attention: rahumada@inversioneslampa.ci

### Notice of Appointment of Second Arbitrator

Dear Sirs:

We represent Anisa Shipping Limited ("Anisa" or "Buyers") for claims arising out of the contract for sale of the vessel EX - AO "EL ARAUCANO," otherwise known as the M/V ARAU. On or about December 27, 2012 you were properly notified by email as per the MOA, as well as a follow up letter via international courier of Buyer's commencement of arbitration and proposal of Juan Anduiza as sole arbitrator under the terms of the contract. Twenty days have now passed since notice of appointment of Mr. Anduiza as arbitrator. You have neither responded by agreeing to the acceptance of Mr. Anduiza as sole arbitrator, nor appointed a second arbitrator. As such and as explicitly stated in our Arbitration Notice letter, due to your failure to do either, by way of this letter Anisa hereby appoints a second arbitrator.

Anisa proposes the appointment of Charles R. Cushing as an additional arbitrator. Mr. Cushing's contact information is as follows:

Atlanta | Boston | Chicago | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami | New York | Northern Virginia · Orlando
Portland | San Francisco | Tallahassee · Tampo · Washington, D.C. | West Palm Beach

Sociedad Importadora Exportadora de Aceros y Metales Limitada of Chile
Attention: Mr. Victor Antonia Jara Barril
December 21, 2012
Page 2

>C.R. Cushing & Co., Inc.
>30 Vesey Street
>New York, NY 10007
>Tel: (212) 964-1180
>Fax: (212) 285-1334
>E-mail: ccushing@crcco.com

Upon the nomination of Mr. Cushing as a second arbitrator, the two arbitrators will then select at their discretion a third arbitrator pursuant to Clause 18 of the MOA. Once the panel of arbitrators is selected, Buyers intend to proceed with the arbitration.

For your convenience we attach the original arbitration notice letter hereto.

Very truly yours,

HOLLAND & KNIGHT LLP

By _____

James H. Power

*Attorneys for Anisa Shipping Limited*

cc:   Juan Anduiza (via email: juananduiza@optimum.net)
      Charles R. Cushing (via email: ccushing@crcco.com)

**Power, James H (NYC - X73494)**

| | |
|---|---|
| **From:** | Jack Berg [jackberg@msn.com] |
| **Sent:** | Thursday, February 07, 2013 1:21 PM |
| **To:** | rahumada@inversioneslampa.ci |
| **Cc:** | juananduiza@optimum.net; PhD,P.E. Charles R. Cushing; Power, James H (NYC - X73494) |
| **Subject:** | Anisa v. Sociedad Importada Exporadora de Acero y Metales |

I have been appointed chairman of the panel of arbitrators on the above captioned matter.  Is it your intention to participate in this proceeding and defend the claims made against you regarding the sale of the vessel Araucano under the MOA february 23, 2012.

Please advise promptly so that the matter may proceed without undue delay

Jack Berg
Transammonia Inc.
320 Park Avenue
New York, NY 10022
Phone: 212-223-3200
Fax : 212-759-1410
E-Mail : jackberg@msn.com



February 26,2013

Dear Customer:

The following is the proof-of-delivery for tracking number **877024555206**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | M.CARRASCO | Delivery location: | TALACAHUANO |
| Service type: | FedEx International Priority | Delivery date: | Feb 18, 2013 10:32 |
| Special Handling | Deliver Weekday | | |

NO SIGNATURE IS AVAILABLE
FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment.
Please check again later for a signature.

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 877024555206 | Ship date: | Feb 13, 2013 |
| | | Weight: | 1.0 lbs/0.5 kg |
| **Recipient:** | | **Shipper:** | |
| TALACAHUANO CL | | NEW YORK, NY US | |
| **Reference** | | 1341796.00001 | |

Thank you for choosing FedEx.